IN THE SUPERIOR COURT OF GUAM



FILED
SUPERIOR COURT
OF GUAM

2014 MAY -9 AM 9: 11

CLERK OF COURT

BY ____Ø____

HUBTEC INTERNATIONAL CO., a
Guam Corporation

        **Plaintiff.**

        **vs.**

GOVERNMENT OF GUAM and JOANNE
BROWN, in her capacity as Director of the
DEPARTMENT OF PUBLIC WORKS, an
instrumentality of the Government of Guam ,

        **Defendants.**

Civil Case No. CV1358-12

**DECISION AND ORDER: Defendants'
Motion for Summary Judgment**

## INTRODUCTION

This matter came before the Honorable Alberto C. Lamorena, III for a hearing on the Defendants' (Government of Guam and Joanne Brown) Motion for Summary Judgment. Attorney Phillip Torres represented Plaintiff HubTec International Co. ("Hubtec"). Defendants were represented by Assistant Attorney General Kenneth Orcutt, Office of the Attorney General. Following the hearing, the Court took the matter under advisement. Upon review of the evidence, written arguments, and legal authorities presented by both parties, the Court hereby issues this Decision and Order GRANTING the Defendants' motion.

## BACKGROUND

Plaintiff and Defendants, through the Department of Public Works ("DPW"), entered into a contract for a project regarding improvement of road infrastructure in southwestern Guam. Following a successful bid by Plaintiff, the contract was finalized on January 7, 2010. Under its terms, Plaintiff was to reconstruct damaged culverts in the villages of Agat and Umatac, the Sella Bay Culvert, Cetti Bay Culvert, and Umatac Baseball Culvert. Among other improvements, the

project included the construction of a rock slide retaining wall near Cetti Bay. DPW terminated the agreement on February 22, 2011, following revelation that Hubtec had submitted false invoices and sales receipts for payment and used foreign steel on a project funded by the Federal Highways Administration that required American-made steel. [1] Declaration of Derrick Lehman in Support of Defendants' Motion for Summary Judgment, CV1358-12, (Oct. 31, 2013) at 2; Declaration of Rodalyn May Gerardo in Support of Defendants' Motion for Summary Judgment, CV1358-12, Ex. A (Oct. 30, 2013) (Procurement Record OPA-PA-11-009-0589).

On April 1, 2011, Hubtec sent a letter protesting DPW's termination of the contract. Declaration of Derrick Lehman, Ex. A. Thereafter, on June 24, 2011, Hubtec filed an administrative appeal with the Office of Public Accountability ("OPA") regarding said termination. Declaration of Rodalyn May Gerardo, Ex. B, Item 1 (Notice of Appeal). The issues evaluated in this appeal were: whether DPW breached the contract; whether DPW wrongly terminated Hubtec, preventing it from completing performance of the contract; and whether Hubtec should be compensated for time and effort lost in performance of the contract. Id. at Ex. B, Item 16 (Appellant's list of issues). On August 19, 2011, Hubtec submitted its hearing brief to the OPA. In the brief, Hubtec sought damages for time, money, and materials lost in its attempt to perform the contract. Id. at Ex. B, Item 18 (Appellant's Hearing Brief) at 15. In addition, Hubtec asserted that the work performed and accepted by the Government was valued in excess of $500,000. Id. at 16. The OPA heard arguments by the parties on August 25, 2011. Relying on the Procurement Record, declarations of witnesses, and supplemental briefing by the parties, the OPA denied Hubtec's appeal on December 23, 2011. Specifically, the OPA held DPW's termination of the contact to be justified by Hubtec's violations of the agreement. Declaration of

---

[1] Hubtec was indicted for its conduct in federal court by the United States Department of Justice and pled guilty to making false statements regarding the project in violation of 18 U.S.C. § 1020. Declaration of Kenneth Orcutt in Support of Defendant's Motion for Summary Judgment, CV1358-12, Ex. A (Oct. 30, 2013) at 1.

*HubTec International v. Government of Guam* (CV1358-12)
Decision and Order

Rodalyn May Gerardo, Ex. C at 29 (Decision for Appeal no. OPA-PA-11-009). The decision further concluded that DPW did not owe Hubtec money for time and effort expended in performance of the contract or for the change orders. *Id.* at 29-37.

On December 10, 2012, Hubtec filed its Complaint with this Court. Hubtec's suit against DPW includes claims for breach of contract and *quantum meruit* regarding work performed for which it allegedly was not compensated. Defendants filed a counterclaim alleging damages from Plaintiff's breach of contract and fraud. Defendants also seek compensation under Guam's Deceptive Trade Practices - Consumer Protection Act. Defendants now move for summary judgment dismissing Plaintiff's claims and for partial summary judgment in favor of Defendants on their counterclaim against Plaintiff for breach of contract.

## DISCUSSION

When a dispute has previously been adjudicated through the administrative appeals process, "a motion for summary judgment ... is an appropriate vehicle to scrutinize an agency's procurement actions because the issues are matters of contractual and regulatory interpretation." *Bean Stuyvesant, L.L.C. v. United States*, 48 Fed. Cl. 303, 318 (Fed. Cl. 2000) (citations omitted); *City & County of San Francisco v. United States*, 130 F.3d 873, 877 (9th Cir.1997). Summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact." *Gayle v. Hemlani*, 2000 Guam 25, ¶ 20 (citing *Bank of Guam v. Flores*, 2004 Guam 25, ¶ 8; Guam R.Civ.P. 56(c). There is a genuine issue if there is "sufficient evidence" which establishes a factual dispute requiring resolution by a fact-finder. *Id.* (citing *Iizuka Corp. v. Kawasho Int'l, Inc.*, 1997 Guam 10, ¶ 7 (citation omitted)). However, the dispute must be as to a "material fact." *Id.* "A 'material' fact is one that is relevant to an element of a claim or defense

and whose existence might affect the outcome of the suit ... Disputes over irrelevant or unnecessary facts will not preclude a grant of summary judgment." *Id.*

In Motions for Summary Judgment, the Court must view the evidence and draw inferences in the light most favorable to the non-movant. *Id.* If, however, there are no genuine issues of material fact, the non-movant may not simply rely on allegations in the complaint, but must provide some significant probative evidence supporting the complaint. *Id.* at ¶ 21 (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249, 106 S.Ct. 2505, 2510 (1986)).

**Breach of Contract**

Under Guam law, the Public Auditor, through the OPA, has the authority *to decide a "contract or breach of contract controversy."* 5 G.C.A. § 5706. On appeal from the Director of Public Works, the Public Auditor found that Plaintiff had breached the contract and DPW was justified in terminating. Declaration of Rodalyn May Gerardo, Ex. C at 29 (Decision for Appeal no. OPA-PA-11-009). As both parties concede, the issues of whether the Plaintiff's conduct warranted recission of the contract and justified termination by Defendants have already been decided administratively. *See* Defendants' Motion for Summary Judgment, at 7-9; Opposition to Defendants' Motion for Summary Judgment, at 4-5.

Under 5 G.C.A. § 5704, "[a]ny determination of an issue or finding of fact by the Public Auditor shall be final and conclusive unless arbitrary, capricious, clearly erroneous, or contrary to law." Upon examination, this Court finds the decision of the Public Auditor to be soundly reasoned and *devoid of clear error. Its findings appear consistent with the information submitted in the Procurement Record and with witness declarations. See generally* Declaration of Rodalyn May Gerardo, Ex A (Procurement Record OPA-PA-11-009-0589). Thus, the decision is neither arbitrary nor capricious. Indeed, the administrative ruling was never appealed and neither party

has objected to the findings or reasoning used by the Auditor in adjudicating the breach of contract. Thus, factual findings regarding this issue may not be disputed or re-litigated. Under this standard, no issue of material fact remains and summary judgment may be granted, consistent with the Auditor's findings.

Plaintiff argues in its opposition that deference to the Public Auditor's factual findings should not apply since "[p]rocurement law is not part of the analysis of this case." Opposition at 5. However, the Court is not persuaded by this argument. The standards used in procurement law are applicable to "controversies based upon a claim for breach of contract damages" *Sumitomo Construction Co., Ltd. v. Guam*, 2001 Guam 23, ¶ 15; *see also Pacific Rock Corp. v. Department of Education* ("*Pacific Rock II* "), 2001 Guam 21, ¶ 33 ("The Procurement Law remains applicable to [breach of contract cases for monetary relief]..."). Indeed, administrative review by the Public Auditor is a necessary prerequisite to bringing an independent claim against the Government for breach of contract. *Pacific Rock II*, 2001 Guam 21 at ¶ 1 ("Procurement Law serves as the final administrative remedy that is a prerequisite to filing a claim pursuant to the Claims Act."). Thus, despite the fact that this is an independent claim, the factual conclusions of an administrative decision are provided the same deference as in a procurement appeal before the Superior Court. Accordingly, the findings of the Public Auditor entitle Defendants to summary judgment on this claim. *Flores*, 2004 Guam 25, at ¶ 8.

In addition, summary judgment for Defendants on this issue is proper regardless of whether the factual conclusions of the Public Auditor are binding. As pointed out by Defendants, the administrative record and declarations provide evidence on the breach of contract claim which Plaintiff has failed to contest or rebut in any manner. Defendants' Reply Memorandum at 6; Declaration of Rodalyn May Gerardo, Ex. C at 29 (Decision for Appeal no. OPA-PA-11-009);

Declaration of Carl V. Dominguez in Support of Defendants' Motion for Summary Judgment, CV1358-12, (Oct. 31, 2013) at 2. As the Court explained *supra*, the non-movant may not rely solely on the assertions made in their Complaint, but must offer sufficient probative evidence in support of their claim. *Hemlani*, 2000 Guam 25, at ¶ 21. In the face of significant administrative findings, Plaintiff has presented no evidence which creates a *factual dispute with regard to whether its own wrongdoing resulted in justified termination of the agreement.* Indeed, Plaintiff states that "the issue of breach of contract or interpretation of the Contract" is not before the Court. Opposition, at 5. This failure to provide affirmative evidence of a genuine factual dispute entitles Defendants to summary judgment on Plaintiff's breach of contract claim. *Anderson*, 477 U.S. at 256-57, 106 S.Ct. at 2514.

### *Quantum Meruit*

The Court next turns to the issue of Plaintiff's right to compensation for work performed. The essence of *quantum meruit* liability is the receipt of a benefit by one party which would be inequitable for that party to retain. *Tanaguchi-Ruth Associates v. MDI Guam Corp.*, 2005 Guam 7, ¶ 27. The elements of *quantum meruit* liability are: the performance of services by the Plaintiff, the benefit of those services by the Defendants, and the unjustness of the Defendants' retention of that benefit without compensating the Plaintiff. *Id.* As such, recovery under *quantum meruit* is necessarily evaluated in terms of monetary value owed by one party to another. *Id.* at ¶ 25 ("The measure of recovery for quantum meruit … is the value of the services, measuring the value in the labor market where the service itself was sought by the defendant.") (Internal quotations omitted).

It is well settled that the OPA does not have jurisdiction to decide the issue of money owed by or to the Government of Guam. 5 G.C.A. § 5703; *Pacific Rock II*, 2001 Guam 21 at ¶

31 (procurement appeals may not aid claimants "who are seeking monetary damages under a breach of contract theory."). Indeed, this fact has been expressly acknowledged by both parties. *See* Defendants' Motion, at 10; Plaintiff's Opposition, at 4. Thus, despite the general applicability of procurement law, factual findings made by the Public Auditor in this area are not entitled to the same deference provided for breach of contract issues. 5 G.C.A. § 5703 (limiting an Auditor's determination authority to "matter[s] properly submitted to him or her"). Accordingly, the Court may not accept the administrative findings as conclusive regarding money owed. *Id.*

The Defendants claim that Plaintiff has waived its right to challenge the jurisdiction of the Public Auditor since the issue was not raised during the administrative proceeding. As an initial matter, the cases cited by Defendants supporting their contention are not binding upon this Court. *See Amerault v. Intelcom Support Servs., Inc.*, 2004 Guam 23, ¶ 16 (Guam courts consider other courts' interpretations of statutes similar to laws of Guam as merely persuasive); *Gibbs v. Holmes*, 2001 Guam 11, ¶ 15 (Guam courts are "not at all bound" by reliance on case law from other jurisdictions). More importantly, as Plaintiff points out, this case is not an appeal of the Auditor's decision. Accordingly, the question before the Court is not whether Plaintiff may assert an argument to overturn the administrative decision. Rather, the relevant inquiry is to what extent the decision's factual conclusions are binding upon this Court. Thus, while Plaintiff may have indeed waived its right to assert a jurisdictional argument for the purpose of overturning the Auditor's decision on appeal, *this detail has no bearing on the standard used by the Court to determine if issues of fact remain disputed in an independent quantum meruit* claim.

Whether the elements for *quantum meruit* recovery are satisfied is itself a question of fact. *Tanaguchi-Ruth*, 2005 Guam 7 at ¶ 22; *Biller Assocs. v. Rte. 156 Realty Co.*, 725 A.2d 398,

405 (Conn.App.Ct.1999) ("A determination of a quantum meruit claim requires a factual examination of the circumstances and of the conduct of the parties..."). Here, disputes remain regarding the extent to which work performed by Hubtec constituted a benefit to the Government as well as whether the conduct of the parties rendered retention of any benefit unjust. Thus, there remain issues of fact on the question of money owed by the Government to Plaintiff. *Id.*

Notwithstanding these remaining factual disputes, however, the Court must assess whether Defendants are entitled to judgment as a matter of law based upon their affirmative defenses of Unclean Hands and Sovereign Immunity.

<u>Unclean Hands</u>

The doctrine of unclean hands is an affirmative defense invoked by defendants to prevent a plaintiff from obtaining relief. *Guam Top Builders, Inc. v. Tanota Partners*, 2012 Guam 12, ¶ 26 (citations omitted). "Traditionally, the doctrine of unclean hands is invoked when one seeking relief in equity has violated conscience, good faith or other equitable principles in his prior conduct." *Id.* (citing *Fibreboard Paper Prods. Corp. v. E. Bay Union of Machinists, Local 1304*, 39 Cal.Rptr. 64, 96 (Dist.Ct.App.1964). "Unclean hands" is an equitable defense which may be asserted only against claims seeking equitable relief. *Chung v. World Corp.*, CV-04-0001-ARM, 2005 WL 1459674 at *3 (D. N. Mar. I. June 22, 2005) (citing *Aetna Cas. & Sur. v. Aniero Concrete Co.*, 404 F.3d 566, 607 (2d Cir.2005); *General Dev. Corp. v. Binstein*, 743 F.Supp. 1115, 1133-1134 (D.N.J.1990)).

As discussed above, *quantum meruit* is a calculation of monetary damages owed from one party to another. *Tanaguchi*, 2005 Guam 7, at ¶ 25. Thus, "[a]lthough quantum meruit has been referred to as 'equitable' in nature and is grounded in principles of equity and fairness, the correct characterization of a quasi-contract quantum meruit claim is that of an action at law."

*Chung* , 2005 WL 1459674 at \*3 (citing *Hudson View II Assoc. v. Gooden*, 222 A.D.2d 163 (N.Y.App.Div.1996)). Accordingly, the equitable defense of unclean hands cannot be asserted against plaintiff's claim for *quantum meruit*. *Id*.

Sovereign Immunity

The principle of sovereign immunity states that a government, by virtue of its status as an independent sovereign, may not be sued within its own courts absent its consent. *Alden v. Maine,* 527 U.S. 706, 715, 119 S. Ct. 2240, 2247-48, (1999). As a territory of the United States, the Government of Guam inherently possesses such immunity. *See Marx v. Gov't of Guam*, 866 F.2d 294, 297 (9th Cir. 1989); *Guam Economic Development Authority v. Island Equiptment Co., Inc.,* 1998 Guam 7, ¶ 6. Sovereign immunity implicates a court's subject matter jurisdiction. *Sumitomo*, 2001 Guam 23, ¶ 22 (citing *Wood v. Guam Power Auth.*, 2000 Guam 18, ¶ 10). Thus, if an action is subject to immunity, the Court lacks jurisdiction over Plaintiff's claim. *Pacific Rock II*, 2001 Guam 21, at ¶ 18. In order for a suit to be maintained, therefore, "against the Government of Guam and any of its instrumentality...there must be an express waiver of sovereign immunity by the Guam Legislature." *Id*. at ¶ 20.

In *Guam Police Dep't v. Superior Court of Guam*, 2011 Guam 8, The Guam Supreme Court was presented with the issue of whether the Legislature "extended the waiver of [sovereign] immunity to oral or un-written contracts, or to ...quasi-contract, or *quantum meruit.*" *Guam Police Dep't*, 2011 Guam 8 at Footnote 7. However, because resolution of this question was unnecessary for adjudication of controversy before it, the Court expressly declined to provide a definitive holding. *Id*. ("we leave for another day our answer to whether the Guam Legislature has extended the waiver of sovereign immunity to oral or unwritten contracts, or to any theories of recovery based in equity"). Nonetheless, existing case law provides sufficient

guidance for this Court to appropriately evaluate sovereign immunity. The Supreme Court has stated unequivocally that "waivers of immunity are to be strictly construed in favor of the sovereign." *Sumitomo*, 2001 Guam 23, at ¶ 25. Accordingly, the Court may not simply "imply a waiver of immunity" against *quantum meruit* or quasi-contract actions by relying on the Claims Act's "general waiver of immunity against suit for breach of contract". *Id.* Because the Organic Act gives the ability to waive immunity solely to the Legislature, "courts lack the authority to find an implied waiver of immunity even in the face of strong public policy favoring such a finding." *Id.* at ¶ 27. Thus, in the absence of explicit waiver by the Guam Legislature, Plaintiff's *quantum meruit* claim is barred by the doctrine of sovereign immunity and this Court lacks subject matter jurisdiction to adjudicate it. Defendants are entitled to summary judgment as a matter of law.

**Defendants' Counterclaim: Breach of Contract**

As discussed above, the Public Auditor's factual findings are conclusive on matters relating to the breach of contract. 5 G.C.A. § 5704. As both parties acknowledged, the Auditor determined that Plaintiff breached the contract by using Korean steel when the terms required use of American steel. Declaration of Rodalyn May Gerardo, Ex. C at 11-15, 26-29 (Decision for Appeal no. OPA-PA-11-009). While the Public Auditor is not authorized to determine the amount of money owed to the government, Defendants have offered uncontested evidence that this breach directly resulted in a $120,000 loss of federal funding. *See* Declaration of Derrick Lehman, at 3; Declaration of Carl V. Dominguez, at 2, Ex. A (Federal Highway Administration Letter). As such, there is no dispute of material fact as to this claim and Defendants are entitled to summary judgment as a matter of law. *Flores*, 2004 Guam 25, at ¶ 8.

As with the breach of contract claim, unrebutted evidence presented by Defendants is sufficient to warrant summary judgment regardless of whether the Auditor's conclusions are binding. In addition to the administrative findings themselves, Defendants have submitted multiple declarations in support of their counterclaim. *See e.g.* Declaration of Derrick Lehman, at 3; Declaration of Kenneth Orcutt, Ex. A (Plea Agreement); Declaration of Carl V. Dominguez, at 2, Ex A. Further, *Plaintiff's representative has, on several occasions, explicitly admitted failing to use American steel in violation of the contract.* Declaration of Kenneth Orcutt, Ex. B (Deposition) at 36, 106; Declaration of Derrick Lehman, Ex C. In the absence of any factual support for Plaintiff's position on this issue, summary judgment for the Defendants is proper. *Hemlani*, 2000 Guam 25, at ¶ 21; *Anderson*, 477 U.S. at 256-57.

## CONCLUSION

Based on the foregoing, the Court GRANTS Defendants' motion for summary judgment with regard to Plaintiff's breach of contract claim, Plaintiff's *quantum meruit* claim, and Defendants' breach of contract counterclaim.

**SO ORDERED** this __9th__ day of __MAY__, 2014.

_____
HONORABLE ALBERTO C. LAMORENA, III
Presiding Judge, Superior Court of Guam

*HubTec International v. Government of Guam* (CV1358-12)
Decision and Order

ORIGINAL

SERVICE VIA COURT BOX
I acknowledge that a copy of the original hereto was placed in the court box of:
Torres Law Group;
A6
Date: 5/9/14 Time: 9:40 AM

Deputy Clerk, Superior Court of Guam